IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DUANE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 5:16-CV-210-FL |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HIESTER CHRYSLER DODGE JEEP, LLC and HIESTER AUTOMOTIVE GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NEFFERTITI HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 5:16-CV-211-FL |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HIESTER CHEVROLET OF LILLINGTON, LLC and HIESTER AUTOMOTIVE GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

These matters come before the court on defendants' motions to compel discovery. (<u>Davis</u>, DE 52; <u>Harris</u>, DE 51). The issues raised are ripe for adjudication. For the reasons addressed below, this court reopens the discovery period in each case until November 27, 2017, solely to allow plaintiffs to respond to defendants' discovery requests propounded July 17, 2017. The court taxes

defendants with the reasonable costs and fees of plaintiff's respective defenses of the instant motions to compel, and denies defendants' motions in each case to compel discovery as moot. Additionally, the court grants plaintiffs' motion to strike (Davis, DE 61; Harris, DE 60) defendants' replies to responses to motions to compel discovery responses.

## BACKGROUND

On April 28, 2016, plaintiffs initiated these actions alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and set forth in 42 U.S.C. § 2000e, et. seq., and under 42 U.S.C. § 1981. Plaintiff in the Harris case adds a claim for sex discrimination. Plaintiffs also assert a claim for wrongful discharge under North Carolina law.

Plaintiffs in each case filed motion for entry of default on June 6, 2016. Defendants in each case filed an answer to plaintiff's complaint on June 9, 2016, but did not file a separate response to plaintiffs' motions or offer explanation of what cause, if any, existed for the acceptance of defendants' late answer. Following a court order to provide a response and explanation, defendants in each case filed a motion to allow answer, which the court granted on August 31, 2016.

Pursuant to case management orders, separately entered in the cases on October 14, 2016, discovery closed on June 5, 2017. By the parties' consent, the court extended for 45 days the discovery period through and including July 20, 2017, solely for plaintiffs to conduct depositions of defendants' witnesses.

On June 2, 2017, defendants in each case filed a motion for extension of time to complete discovery. These requests vigorously were opposed upon protracted briefing where, upon motion, each plaintiff also was allowed to file a sur-reply. Over plaintiffs' shared objections, on July 11,

2

2017, the court granted defendants' motions for extension of time to complete discovery, extending through entry of the forms orders originally proposed June 2, 2017, the discovery period until July 20, 2017.[1]

The court turns its attention to defendants' motions to compel discovery filed in each case below.

**DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."); Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) ("District courts are afforded broad discretion with respect to discovery[.]").

B.  Analysis

Defendants move for orders from this court, pursuant to Federal Rule of Civil Procedure 37(a), compelling plaintiffs fully to respond to defendants' first requests for production, first

---

[1] On August 21, 2017, defendants in each case filed motions for summary judgment and to dismiss, which are not yet ripe. On August 23, 2017, defendants filed motions in each case to disqualify counsel, the response time to which the court recently stayed upon plaintiffs' shared requests, good cause in each instance having been found.

3

requests for admission, and first interrogatories separately served on plaintiffs July 17, 2017 and their supplemental discovery requests served July 19, 2017. Defendants argue that because the court granted defendants' motions for extension of time on July 11, 2017, "extending the discovery period for Defendant to complete discovery until July 20, 2017," (Davis, DE 38; Harris, DE 37), defendants had until July 20, 2017 to propound their discovery requests.

Plaintiffs respectively contend that each plaintiff did not have to respond to defendants discovery requests, because the Rules of Civil Procedure provide 30 days to respond to a requesting party's request for interrogatories and request for production, and each plaintiff received defendants' initial discovery requests three days before the close of extended discovery, and their supplemental requests just one day before the close.

Additionally, plaintiffs argue that defendants' motions to compel should be denied because 1) the case management order in each case specifically states that "all discovery shall be commenced or served in time to be completed by" the discovery deadline; 2) defendants failed to convene a conference among the parties before filing their motions to compel as directed by the case management orders; and 3) defendants' motion for extension of time to complete discovery contemplated depositions taken during the extended discovery time, not submission of written discovery requests, which defendants could have served on plaintiffs at any time during the operative discovery period set forth in the case management orders.

It was the court's intention consistent with the case management orders to set a time for discovery to end, not begin, when granting defendants' motion for extension of time. However, by entering the order 39 days after the order was proposed, following the parties' protracted briefing, insufficient time was allowed by this court for written discovery. Plaintiffs reasonably have

4

interpreted the federal rules to provide 30 days for the discovery request and allege they were wholly unaware that defendants requested additional time in order to serve written discovery.

The court, in its discretion, extends the period of discovery in each case until November 27, 2017, to allow plaintiffs ample time separately to respond to defendants' written discovery requests propounded July 17, 2017. The court sustains plaintiffs' separate objections to discovery requests propounded July 19, 2017, however.

Because this discovery issue so readily could have been addressed in the conference mandated by the case management orders that defendants failed to convene, defendants are taxed with reasonable fees and costs of plaintiffs' defenses of the instant motions to compel. Plaintiffs shall tender affidavit in support of costs and fees to the court no later than November 1, 2017.[2]

Having extended further the discovery period, the court denies as moot defendants' motions to compel. The court holds in abeyance defendants' replies to responses made by plaintiffs in each case on October 15, 2017, to defendants' respective summary judgment motions. No later than December 11, 2017, defendants may file a supplement to their motions, if warranted, to reflect discovery received and argument predicated on same, not to exceed a further eight pages in each instance. Plaintiffs shall then have 14 days to supplement their respective responses to the pending motions, not to exceed a further eight pages. Finally, the stay imposed immediately above for the making of defendants' replies, if any, then will be lifted. Defendants will have in each case 14 days to file replies, if any.

Additionally, the court grants plaintiffs' motions to strike defendants' replies to responses

---

[2] Given the unity of plaintiffs' positions here, in response to identical defense motions, the court expects to receive a single presentation of reasonable fees and costs covering both cases where much of the work done in one case to respond to the motion necessarily accrued to the other case.

to motions to compel discovery responses.[3] The court's Local Rules of Practice and Procedure do not permit replies to be filed in discovery disputes. See Rule 7.1(g)(2) ("Replies are not permitted in discovery disputes."); Rule 26.1(d)(3) ("Replies are not permitted in discovery disputes."). On this basis, the arguments of defendants in their replies readily can be discounted. The court additionally discounts the "extenuating circumstances" referenced by defendants in their replies as affording them an excuse to not follow the case management orders directing for a discovery dispute conference prior to the filing of motions to compel.

## CONCLUSION

Based on the foregoing, defendants' motion to compel (Davis, DE 52; Harris, DE 51) are DENIED as moot. The court extends the time for discovery in each case until November 27, 2017, solely to allow plaintiffs separately to respond to defendants' discovery requests propounded on July 17, 2017. Supplemental briefing on defendants' motions for summary judgment and to dismiss is outlined above, with a brief stay imposed on existing reply time to permit any supplementation of those motions now responded to. Defendants are taxed with reasonable fees and costs of plaintiffs' defenses of the instant motions to compel. Plaintiffs shall tender unified affidavit in support of reasonable fees and costs to the court no later than November 1, 2017. The court GRANTS plaintiffs' motions to strike defendants' replies (Davis, DE 61; Harris, DE 60).

SO ORDERED, this the 27th day of October, 2017.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

---

[3] Defendants incorrectly label their replies as a "response to plaintiff's reply to defendant's motion to compel." (See Davis, DE 60; Harris, DE 59).