IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-211-FL

| | |
|---|---|
| NEFFERTITI HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| JOHN HIESTER CHEVROLET OF | ) |
| LILLINGTON, LLC and HIESTER | ) |
| AUTOMOTIVE GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on various motions filed by defendants including motions for 1) summary judgment (DE 43); 2) dismissal as a sanction for witness tampering and pursuant to certain procedural rules[1] (DE 44), as supplemented (DE 66); and 3) to disqualify counsel (DE 47). Issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff commenced this action April 28, 2016, alleging unlawful harassment, discrimination, and retaliation based on her race and sex in violation off the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 ("§ 1981") and wrongful termination in violation of the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 ("NCEEPA").

On August 21, 2017, defendants filed the instant motion for summary judgment, moving for

---

[1] Defendants move to dismiss specifically under Rules 11 and 37 of the Federal Rules of Civil Procedure.

judgment on all race-based claims.[2] Also on August 21, 2017, defendants filed the instant motion to dismiss. Defendants seek the court to dismiss plaintiff's case as a sanction for witness tampering, pursuant to Federal Rules of Civil Procedure 11 and 37, and pursuant to the inherent power of the court. Two days later, defendants filed the instant motion to disqualify counsel. Motions briefing has been protracted. Plaintiff filed her responses to defendants' motions for summary judgment and motion to dismiss as a sanction on October 15, 2017 and further filed a motion to stay regarding defendants' motion to disqualify counsel, which motion was allowed.[3] Discovery also has been protracted. Limited discovery concluded November 27, 2017.

Following close of discovery, on December 11, 2017, defendants filed the instant supplement to defendants' motion to dismiss as a sanction. Defendants raise up as a concern plaintiff's alleged failure to respond fully to discovery. The meat of this motion hangs on the bones of an exchange by text message between plaintiff and another which purports to reveal that her deposition testimony is a fabrication, to which plaintiff has responded in opposition.

**COURT'S DISCUSSION**

A.   Defendants' Motion for Summary Judgment

As stated above, plaintiff has brought race-based claims against defendants for 1) race harassment and discrimination in violation of Title VII, 2) race harassment and discrimination in violation of § 1981, 3) relation in violation of Title VII, and 4) wrongful discharge in violation of

---

[2] Count V of plaintiff's complaint seeks damages for unlawful harassment and discrimination based on plaintiff's sex in violation of Title VII. While posited as a motion addressing all claims, defendants have not presented separate argument with respect to count V in furtherance of their motion for summary judgment.

[3] Because the court denies herein the motion to disqualify the fact plaintiff has not yet had an opportunity to respond is of no moment.

NCEEPA.[4] Plaintiff relies in defense of motion for summary judgment on testimony, among other things, from two former co-workers, Kevin Killingworth ("Killingworth") and Duane Davis ("Davis").[5]

Defendants disregard testimony of Killingsworth and Davis in the context of their motion for summary judgment. Presumably, defendants' position is that due to plaintiff's alleged wrongdoing in securing Killingsworth's original testimony on which she relies, the court should not consider that testimony (or the testimony of Davis) in deciding defendants' motion for summary judgment. Killingsworth's later testimony, disavowing his earlier testimony is front and center of defendants' motions to dismiss and to disqualify counsel. Because Killingsworth's testimony is key to unraveling most of what is now before the court, the court turns to this witness below.

To say there is much acrimony between the sides would be an understatement. Defendants accuse plaintiff of attempting to bribe Killingsworth. Defendants assert that plaintiff's counsel knew or should have known of plaintiff's bribery attempt. Plaintiff and plaintiff's counsel deny this allegation, arguing in response that defendants have somehow procured false testimony from Killingsworth to support their contentions. Both sides request, should the court be so inclined, evidentiary hearing. (See DE 44 at 11 ("Certainly, an investigation by the Court, and/or the allowance of further discovery into all these issues, may shed more light on the exact circumstances of fraud that has been perpetrated. It may even lead to criminal charges, and perhaps it should.");

---

[4] Defendants suggest that plaintiff is also pursuing a hostile work environment claim under Title VII. (DE 45 at 8). Plaintiff does not respond to this assertion and appears to be pursuing only the claims herein listed.

[5] Previously pending before this court was Davis v. John Hiester Chrysler Dodge Jeep, LLC, et al., No. 5:16-CV-210, in which Duane Davis, represented by the same counsel as here, alleged that the same defendants as in the present case, acted in violation of Title VII, 42 U.S.C. § 1981, and North Carolina law when they engaged in race-based discrimination, retaliation, and wrongfully discharged plaintiff. The parties in the Davis case filed a notice of voluntary dismissal on December 22, 2017.

DE 57 at 12 ("Accordingly, if Defendants' motion is not denied outright, Plaintiff request that the Court develop a complete record before addressing Defendants' request for sanctions by convening an evidentiary hearing during which Killingsworth and any other necessary witnesses can be examined and during which the Court will be able to personally assess the credibility of the witnesses involved.")).

There are three affidavits in the record executed by Killingsworth. In the one executed September 30, 2016, on which plaintiff relies in defense of defendants' motion for summary judgment, Killingsworth testifies in part concerning plaintiff's supervisor, Jamie Poulin ("Poulin"), the following:

> During that meeting, I overheard Jamie Poulin state that "We need to get that n***** out of here before she causes more trouble." As noted, Ms. Harris was the only female African-American employee managed by Mr. Poulin. . . . Ms. Harris was terminated from her job the next day . . . . I asked him why he had called her the n-word. He said "because of the way she flaunts her stuff, and she acts like a n**** and acts like us white folk owe her something.'"

(DE 57-12 at 2-3) ("first Killingsworth affidavit").

In his second affidavit, executed July 27, 2017, on which defendants rely in furtherance of their motions to dismiss and to disqualify, Killingsworth testifies in part:

> I heard Jamie use the "N" word one time. . . . I believe it may have been after Ms. Harris had been terminated. He mentioned Ms. Harris and used the N word at some point during that conversation. . . . I believe that Jamie's use of the N word not necessarily meant to be racially disparaging and don't think Jamie meant any harm by using the N word.

(DE 44-8 at 1; 48-7 at 1).

In the third affidavit on which defendants also rely, executed by Killingsworth on July 29, 2017, the witness testifies in part:

> [Plaintiff's fiance] asked if I remembered him ever saying the "N" word about

4

> Nefertitti Harris and, jokingly, I said, "For the right amount of money, yeah . . . I could say that." Wesley then went home to Nefertiti and they called me up a day or two later and offered to compensate me if I would testify that Jamie used the "N" word about Nefertitti. They discussed that I would receive a large sum of money in range sum of 5-10 thousand dollars because they would get a lot of money from Hiester using me as a witness. I agreed but I would never have actually testified under oath that Jamie used the "N" word about Nefertitti because I was simply offered money in exchange for this false testimony.

(DE 44-9 at 1; 48-8 at 1). Plaintiff relies in response to defendants' motion to dismiss on her affidavit and that of Wesley Northcutt ("Northcutt"), her stated fiancé, contradicting Killingsworth's later testimony in the case. (DE 56-5, DE 56-6).

It is this tangled web of testimony that the parties seek the court now to unravel at evidentiary hearing. The court declines to exercise any such authority. A genuine issue of material fact looms large in this case. Credibility determinations are required to be made. Such is not the stuff of summary judgment. On the weight of Killingsworth's three affidavits, the court must deny defendants' motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").[6]

B.     Defendants' Motions to Dismiss as a Sanction and to Disqualify Counsel

Defendants' accusations regarding Killingsworth and Davis are the main focus of defendants' motions to dismiss as a sanction and to disqualify counsel. Killingsworth's testimony already has been discussed. Davis's testimony concerning racist comments made to Davis by Poulin, who was also Davis's supervisor, relied upon by plaintiff in defense of defendants' motion

---

[6] Given this conclusion, there is no need for the court to wade into the morass of Davis's testimony on which plaintiff also relies in defense of defendants' motion for summary. The court returns, however, to Davis in the context of defendants' motion to dismiss.

for summary judgment, also is focused upon by defendants in these other motions.

Defendants argue plaintiff and Davis somehow have engaged in inappropriate behavior during the course of this case. (See, e.g., DE 44 at 2 ("The evidence has revealed that Harris and Davis have discussed their cases together, have been in contact with each other as their cases have progressed, named each other as witnesses in each other's case, attended depositions together (even depositions of witnesses who were not named in both of their individual cases) and have admitted through counsel that their cases are related"); DE 48 at 12 ("Davis testified that the two had met, discussed their cases and even discussed their cases the day of the depositions. Further, they listed each other as witnesses in their respective cases and EEOC filings."); DE 66 at 2-3 ("... Harris' own text exchanges with Davis make it very clear that she and Davis were in communication about their claims from the onset and that her deposition testimony is a fabrication . . . .")).

Defendants first argue the court should dismiss this case as a sanction for witness tampering, relying solely on an unpublished Maryland district court opinion that did not dismiss the case before that court for witness tampering but directed the parties to conduct additional discovery on the issue. (See DE 44 at 3-4 (citing Goel v. Tishcon Corp., No. CIV. L-10-2536, 2011 WL 836680, at *3-4 (D. Md. Mar. 4, 2011)).

Defendants also argue the court should dismiss this case pursuant to Rule 11, attacking the sufficiency of plaintiff's evidence and faulting plaintiff's counsel for not conducting a reasonable inquiry regarding it. Defendants' allegations in support of Rule 11 sanctions and in furtherance of their motion to disqualify counsel are inextricably linked to the credibility issues that make the denial of summary judgment necessary as stated above. Allegations that plaintiff "has solicited perjury, conspired to falsify witness statements and made false allegations about the presence of

witnesses," and that plaintiff's counsel was aware or should have been aware of these inappropriate actions, (DE 48 at 2-3), are not now actionable. Address of these questions by the court on ancillary motions, after denial of motion for summary judgment, would not be appropriate. Newly discovered evidence of a conversation between plaintiff and Davis concerning their attorneys, offered in supplement to the motion to dismiss, is not the stuff on which dismissal or sanctions can be based, either.

C. Future Case Developments

Counsel and the parties are on notice as to the alleged improprieties of which both sides have been accused. These allegations, if proven, may form the basis for granting a future Rule 11 motion. See, e.g., Fed. R. Civ. P. 11 advisory committee's note (1993) ("However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit"); Rentz v. Dynasty Apparel Industries, Inc., 556 F.3d 389, 395 (6th Cir. 2009) (a lawyer may be sanctioned for continuing to insist upon a position that is no longer tenable); Fabriko Acquisition Corporation v. Prokos, 536 F.3d 605, 610 (7th Cir. 2008) (even if a claim was supported when submitted in writing, party violated Rule 11 by continuing to advocate it after it was clear that the claim had no merit); McCarty v. Verizon New England, Inc., 674 F.3d 119 (1st Cir. 2012) (sanctions warranted where district court put attorney on notice as to factual and legal inadequacies of complaint and attorney persevered).[7]

---

[7] In addition to counsel, the court cautions the parties. See Fed. R. Civ. P. 11 advisory committee's note (1983) ("If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both, or on an unrepresented party who signed the pleading, and the new rule so provides."); Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 567 (5th Cir. 2006) (sanctioning both lawyer

1. Case Schedule

In light of the court's determinations set forth herein, this case now will proceed to jury trial of length this court estimates of not more than four days to commence with jury selection beginning **May 14, 2018 at 9:00 a.m.** at New Bern, North Carolina.[8] In accordance with this trial setting:

    a.    Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference will be held before the undersigned at the United States Courthouse, New Bern, North Carolina on **April 25, 2018 at 10:00 a.m.** Each party appearing in this action must be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

    b.    Where an evidentiary question or issue relating to admissibility of evidence can be anticipated before the final pretrial conference, motion contemplated by Local Civil Rule 39.1(a) must be filed **April 10, 2018**, thereby permitting sufficient time for any written response in advance of conference. Unless leave of court is given, no replies shall be made for motions in limine. Where, by contrast, the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed **May 7, 2018**, pursuant to Local Civil Rule 39.1(a).

    c.    By **April 18, 2018**, counsel must submit to chambers (but not file) the

---

and client for violation of Rule 11(b)(3)); Union Planters Bank v. L & J Development Co., Inc., 115 F.3d 378, 384 (6th Cir. 1997) (sanctioning client for false fact assertions).

[8] Should this trial date and estimated trial length raise issue, any party may file a motion to continue, which motion shall represent the position of the opposition. Said motion shall be filed not later than seven days from date of this order. Alternative trial dates may be proposed.

parties' proposed pretrial order. See Local Civil Rule 16.1(b). This submission must comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties submit at the beginning of the trial copies of all exhibits referenced in the pretrial order. See Local Civil Rule 39.1(b). The parties' proposed pretrial order shall be submitted in WordPerfect or Word format, at the following email address:

**proposedorders_nced@nced.uscourts.gov**

d. Pursuant to Local Civil Rule 16.1(b)(3), if a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager at 252-638-8534 and request training from the court's information technology staff for the person or persons who will be operating the courtroom technology. Unless excepted by the clerk, no later than **seven days** before the scheduled proceeding in which such technology is used, counsel must file a certification provided by the court's technology staff that training has been completed. Counsel shall review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs.

e. By **April 18, 2018**, the parties must notice the court whether it will be necessary to rule upon any dispute(s) where video depositions are to be used

and the parties have been unable to reach agreement on editing. See Local Civil Rule 16.1(b)(2).

    i.    Said notice shall inform of the nature and complexity of the issue(s) concerning including whether it shall be necessary for the court to review lengthy video deposition testimony in order to render decision.

    ii.    In that event, it is unlikely this review will be able to be undertaken during the final pretrial conference, given time limitations, and the parties must present in their notice what is believed to be the most efficient framework for the court's decision making on disputed video deposition testimony.

f.    By **April 18, 2018**, the parties shall file jointly a proposed verdict form. Where there is disagreement as to form, this jointly prepared submission shall disclose the basis for a party's objection and a proposed alternative verdict form. Counsel also shall submit an electronic copy of said proposed verdict form to chambers, in WordPerfect or Word format, at the following email address:

**proposedorders_nced@nced.uscourts.gov.**

g.    By **April 18, 2018**, the parties shall file proposed jury instructions. Counsel also shall submit an electronic copy of said proposed jury instructions to chambers, in WordPerfect or Word format, at the following email address: **proposedorders_nced@nced.uscourts.gov.**

h.  At the final pretrial conference the court will:

　　i.　　Rule upon any dispute concerning the contents of the final pretrial order.  Local Civil Rule 16.1(d)(1).

　　ii.　　Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing.  Local Civil Rule 16.1(b)(2).

　　iii.　　Rule upon motions in limine related to admissibility of evidence, to the extent possible at the time of pretrial conference.  Local Civil Rule 39.1(a).

　　iv.　　Discuss generally the nature of the parties' proposed jury instructions, to discern areas of agreement and disagreement.

　　v.　　Consider the proposed verdict form, together with the parties' proposed pretrial order.  Local Civil Rule 16.1(d).

　　vi.　　Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, and qualification of experts by admitted resumes.

　　vii.　　Explore once more the opportunities for settlement.

i.  At trial, the court will conduct the examination of jurors.  Not later than **May 7, 2018**, counsel shall file a list of any voir dire questions counsel desires to

ask the jury. Local Civil Rule 47.1(b). Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry.

  j. At trial, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case by no later than **May 7, 2018**. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

 2. Alternative Dispute Resolution

Pursuant to various court orders and Alternative Dispute Resolution Rule 101.1a(a), mediation should have occurred in this case by July 20, 2017. The parties also have **seven days** from date of entry of this order to file joint report evidencing their compliance where the court can discern nothing on its docket indicating any mediation has occurred. If the parties have not undertaken mediation, you have **30 days** from date of entry of this order so to do. In this event, your report due in **seven days** also shall identify the date and time of mediation and identity of mediator selected.

## CONCLUSION

Based on the foregoing, the court DENIES defendants' motions for summary judgment, (DE 43), to dismiss as supplemented (DE 44, 66), and to disqualify counsel, (DE 47). The case shall proceed to trial as herein announced.

SO ORDERED, this the 21st day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge